## LEMUEL DYER versus AMMI C. CHICK.

Where the complainant, holding mortgages of the premises in controversy, consisting of a lot of land with a house on a portion of it, purchased the respondent's right in equity to redeem, at a sheriff's sale of the same on execution; and, in the temporary personal absence of the respondent, his family still being in the house, the complainant entered peaceably and unobstructed into the possession of a part of the land, but did not enter the house; and, while so in possession, the respondent returned and expelled him by force; — Held,

1. That the sheriff's deed conveyed to the complainant all of the title of the debtor in the premises;

2. That the complainant had a right to the immediate possession of the premises;

3. That he obtained a lawful possession and seizin;

4. That, having gained possession of a part of the premises, he might lawfully take possession of the residue, if it could be done without a breach of the peace;

5. That the respondent disseized the complainant; and,

6. That the disseizin was such as to entitle the complainant to the process of forcible entry and detainer.

ON EXCEPTIONS from *Nisi Prius*, DAVIS, J., presiding.

FORCIBLE ENTRY AND DETAINER.

The premises consisted of a lot of land, with a house on one portion of it.

The respondent acquired his title in 1857, and he has ever since been in possession and occupation of the same, his family living in the house.

Subsequently, the respondent executed two mortgages of the premises, which came by assignment into the hands of the complainant, prior to March 21, 1863. On April 21, 1863, the complainant purchased the respondent's right in equity, the same having been sold on execution, and took a sheriff's deed of the same.

On May 1, 1863, the complainant apprised the respondent of the former's title, and requested him to remove from the premises.

On June 10, following, the complainant went peaceably and unopposed upon a part of the said lot to take posses-

-sion, but did not enter the house. The respondent was at the time temporarily absent, but his family, together with his furniture, were in the house. Soon after, the respondent returned and demanded of the complainant what he was there for?

The complainant replied:—"I wish you to move or I will move you." The respondent refused to remove, and ordered the complainant to leave the premises; and, upon the complainant's declining to go, the respondent ejected him by actual force.

The process was brought before the Municipal Court, June 12, 1863, in Portland, and, the respondent, having pleaded the general issue and title in himself, removed to the S. J. Court.

At the trial at *Nisi Prius*, the parties submitted the case to the presiding Judge, reserving the right to except.

Upon the facts, the respondent contended that this process would not lie; but the presiding Judge ruled otherwise, and ordered judgment for the complainant, to which ruling and order, the respondent excepted.

*S. C. Strout*, for the respondent, contended—

Prior to March 21, the respondent's title was that of mortgager. On that day, his right in equity was sold, but his *right to redeem from that sale* existed when this process was commenced. R. S., c. 76, § 37.

The title held by the respondent at the date of this process was a legal and an attachable interest in the land. Ib.

The complainant, as mortgagee, could not maintain this process. *Reed* v. *Elwell*, 46 Maine, 278.

The sheriff's sale did not put the complainant in better condition to maintain this process. This process is not designed to settle titles, but to oust mere trespassers in possession *without title or color of right*. The respondent was in possession under legal title.

The sale of an equity of redemption is analogous to a levy upon an equity. In case of a levy, the statute provides that

Dyer *v.* Chick.

the "*debtor in possession is not to be ousted*" by the officer, but his right assigned to the creditor, and a momentary seizin delivered to the creditor, *sufficient to authorize him to bring an action.* What action? A writ of entry, where the whole proceedings and title may be investigated and settled. Chap. 76, §§ 12 and 13.

The debtor's rights of redemption and *possession* are the same in each case in principle. The creditor's rights are no greater in one case than in the other. Are his remedies different?

The facts will not warrant the maintenance of this process. Except as between landlord and tenant, (which relation did not exist between these parties,) this kind of process lies only against a "*disseizor who has not acquired any claim by possession and improvement.*" R. S., c. 94, § 1.

Respondent on June 12, 1863, had never denied the complainant's title, but held ·subject to it. Respondent's possession, continued *for any length of time,* would not give him any title by *possession* or *right to betterments.* It is only to *such* a disseizin that this process applies, — not to the nominal disseizin maintained in R. S., c. 104, § 6, which allows a demandant in a real action to treat any party as a disseizor, *for the purpose of trying the title,* but an *actual disseizin.*

Respondent, as mortgager, could not disseize his mortgagee or his assignee. *Hunt* v. *Hunt,* 14 Pick., 374.

The seizin of a title claimed under a sheriff's sale of an equity of redemption, is not adverse to the debtor. *Abbott* v. *Sturtevant,* 30 Maine, 40. *A fortiori* the debtor does not hold adversely to such title.

After a levy upon land, the debtor has been called *tenant at will* to the debtor. *Bryant* v. *Tucker,* 19 Maine, 386.

A landlord is liable in trespass for entering upon his *tenant at will,* as complainant entered in the case at bar, unless he has first legally determined the tenancy. *Dickinson* v. *Goodspeed,* 8 Cush., 119; *Gordan* v. *Gilman,* 48 Maine, 475; *Young* v. *Young,* 36 Maine, 133.

Complainant can *acquire no rights* against the respondent,

by an act in itself a trespass, especially when the respondent had a *legal interest*, which, at *his election*, might ripen into a perfect title.

The entry of the complainant did not give him possession. Possession was in the respondent all of the time, and never in the complainant; and the respondent did not, therefore, oust him of possession.

If forcible entry and detainer be maintainable upon these facts, real actions will be superseded.

If the premises had been unoccupied, complainant might have taken actual possession; but he had no right to take possession by force, and at the hazard of a breach of the peace. He should have brought a writ of entry. *Com.* v. *Haley*, 4 Allen, 318.

*Fessenden & Butler*, for the complainant.

The opinion of the Court was drawn by

APPLETON, C. J.—The complainant, holding mortgages of the premises in controversy, purchased at a public sale on execution the respondent's equity of redemption and entered peaceably and unopposed into the possession of said premises. While so in possession, the respondent entered upon and expelled him by force therefrom; whereupon this process of forcible entry and detainer was instituted.

As mortgagee, the complainant had a right to enter peaceably upon the mortgaged premises. It is not necessary to determine whether this process could be maintained against the mortgager, if he should forcibly expel the mortgagee thus rightfully in possession. *Howard* v. *Howard*, 3 Met., 548; *Reed* v. *Elwell*, 46 Maine, 270; *Dunning* v. *Finson*, 46 Maine, 546.

The complainant, by his purchase of the respondent's equity of redemption, acquired "all the title of the debtor in the premises." R. S., 1857, c. 76, § 33. He had a right to the immediate possession of the premises, to the rents

and profits thereof, and to maintain a real action therefor, as against the judgment debtor. *Jewett* v. *Felker*, 2 Greenl., 339; *Fox* v. *Harding*, 21 Maine, 104.

Having the right to enter, and having entered peaceably and unopposed and gained possession of a part of the premises, he might lawfully take possession of the residue, if it could be done without a breach of the peace. This assuredly cannot be denied. *Mugford* v. *Richardson*, 6 Allen, 76. The respondent could not rightfully interfere with the possession thus acquired.

The complainant, by his deed, acquired a title to the premises in dispute, and, by his peaceable entry therein, obtained a lawful possession and seizin of the same. Disseizin is a wrongful putting out of him that is seized of a freehold. Co. Lit., 277. By R. S., 1857, c. 94, § 1, the " process of forcible entry and detainer may be commenced against a disseizor, who has not acquired any claim by possession and improvement." The respondent has acquired no such claim. His former title is in the complainant, whom he has ejected and excluded, by actual force, from premises into which he had a right to enter, and into which he had peaceably entered. This constitutes a disseizin and entitles the complainant to this process. *Kinsley* v. *Ames*, 2 Met., 29.

The evidence shows, too, a forcible detainer, as against the complainant, who had rightfully entered upon his own premises. *Benedict* v. *Hart*, 1 Cush., 487.

*Exceptions overruled.*

CUTTING, DAVIS, WALTON, DICKERSON and BARROWS, JJ., concurred.